UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Joel Quinones, | Civil Action No. |
| Plaintiff, | |
| – against– | COMPLAINT |
| Chase Bank USA, N.A., Experian Information Solutions, Inc., and Trans Union LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Joel Quinones (hereinafter "Plaintiff"), by and through his attorney, Fedor Kozlov, Esq., by way of Complaint against Defendants, Chase Bank USA, N.A. ("Chase"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Transunion"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Joel Quinones, is an adult citizen of the state of Illinois domiciled in Minooka, IL.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Chase is a corporation business entity organized and existing under the laws of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 201 North Walnut Street, Wilmington, DE 19801.

5. Defendant Experian is a corporation organized and existing under the laws of Ohio that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

6. Defendant Transunion is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Defendants because Defendants are either domiciled in Illinois and/or continuously do business in Illinois.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681

may be brought in any appropriate United States district court, without regard to the amount in controversy.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

10. Defendant Chase issued Plaintiff credit card accounts ending in 7562 and 8013; the accounts are routinely reported on Plaintiff's consumer credit report.

11. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

12. On December 31, 2015, Chase issued a 1099-C discharging $8,723.34 on Plaintiff's Chase account ending in 7562. A copy of the 1099-C is attached herein as Exhibit A.

13. On January 30, 2015, Chase issued a 1099-C discharging $10,706.88 on Plaintiff's Chase account ending in 8013. A copy of the 1099-C is attached herein as Exhibit B.

14. However, Plaintiff's Chase accounts continue to be negatively reported.

15. In particular, on a requested credit report dated April 15, 2016, Plaintiff's Chase account ending in 7562 was reported with a status of "CHARGE OFF,"

a balance of $9,833, and a past due balance of $9,833 while the account ending in 8013 was reported with a status of "CHARGE OFF," a balance of $11,926, and a past due balance of $11,926. The relevant portion of Plaintiff's credit report is attached herein as Exhibit C.

16. This trade line was inaccurately reported. As evidenced by the 1099's, the account was closed and must be reported as such.

17. Plaintiff notified Defendants directly of a dispute on the Chase accounts' completeness and/or accuracy. This letter and the certified mail receipts are attached herein as Exhibit D.

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Chase to the Consumer Reporting Agencies, Experian and Transunion, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. On June 15, 2016, Plaintiff requested an updated credit report for review. The trade lines for the Chase accounts in question remained the same as the April 2016 credit report, as Chase failed to correct the inaccuracies. The relevant portion of Plaintiff's June 15, 2016 credit reports are attached herein as Exhibit E.

20. Experian and Transunion did not notify Chase of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Chase and Chase failed to properly investigate and delete the trade lines or properly update the trade lines on Plaintiff's credit reports.

21. If Chase did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Chase accounts would be updated to reflect a $0 balance.

22. Chase has promised through its subscriber agreements or contracts to accurately update accounts but Chase has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Experian and Transunion.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**CLAIM FOR RELIEF**

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

28. Transunion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

29. Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

30. Chase is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

31. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

32. Chase failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

33. Chase failed to update Plaintiff's credit report and/or notify the credit bureaus that the Chase account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

34. Chase failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

35. Experian and Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

36. Experian and Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

37. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

_____
Fedor Kozlov,
Attorney for Plaintiff

Fedor Kozlov, Esq.
Attorney for Plaintiff
1900 E. Algonquin Road, Suite 230
Schaumburg, IL 60173
Tel (847) 241-1299
Fax (847) 241-1166


EXHIBIT A

# CHASE
P.O. BOX 15298
WILMINGTON DE 19850

**Debtor's Information**

0049328 102 NSP0TAS0 1Z2 000000000000 55 0029 80
JOEL QUINONES
C/O ATTORNEY ROBERT S GITMEID
2081 E 8TH ST
BROOKLYN NY 11223

Tax Year 2015 Form 1099-C
Cancellation of Debt (Copy B)

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

**Creditor's Information**

Federal ID Number: 22-2382028
CHASE BANK USA, NA

Form 1099-C Questions
Phone Support: 866-578-2888

**Original**

## Summary of Form 1099-C Cancellation of Debt       (OMB No. 1545-1424)

| Box | Description | Amount | Box | Description | Amount |
|---|---|---|---|---|---|
| 1. | Date of identifiable event | 12/31/2015 | 5. | If yes, the debtor was personally liable for repayment of the debt | Yes |
| 2. | Amount of debt discharged | $8,723.34 | 6. | Identifiable event code | G |
| 3. | Interest if included in box 2 | $0.00 | 7. | Fair market value of property | $0.00 |
| 4. | Debt description | (See Details) | | | |

## Details of Form 1099-C Cancellation of Debt       (OMB No. 1545-1424)

| Account Number / Account Description | Box #1 Identifiable event date | Box #2 Amt of debt discharged | Box #3 Interest if included in Box 2 | Other Boxes | |
|---|---|---|---|---|---|
| 4266841291847562 WHEN AN UNPAID PRINCIPAL BALANCE OF $600 OR MORE IS CANCELLED, THE IRS REQUIRES IT MUST BE REPORTED ON FORM 1099C | 12/31/2015 | $8,723.34 | $0.00 | #4 Debt description | CREDIT CARD ACCOUNT |
| | | | | #5 If yes, the debtor was personally liable for repayment of the debt | Yes |
| | | | | #6 Identifiable event code | G |

**Instructions for Debtor**

You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

**Debtor's identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the creditor has reported your complete identification number to the IRS.

**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.

**Box 1.** Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

**Box 2.** Shows the amount of debt either actually or deemed discharged. Note. If you do not agree with the amount, contact your creditor.

Box 3. Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.
Box 4. Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.
Box 5. Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.
Box 6. Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A—Bankruptcy; B—Other judicial debt relief; C—Statute of limitations or expiration of deficiency period; D— Foreclosure election; E—Debt relief from probate or similar proceeding; F—By agreement; G—Decision or policy to discontinue collection; H—Expiration of nonpayment testing period; or I—Other actual discharge before identifiable event.
Box 7. If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.
Future developments. For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to www.irs.gov/form1099c.

Page 1

**CHASE**
P.O. BOX 15298
WILMINGTON DE 19850

**Debtor's Information**

0056854 101 NSP0TAS0 1Z1 000000000000 55 0028 80
JOEL QUINONES
C/O ATTORNEY ROBERT S GITMEID
2081 E 8TH ST
BROOKLYN NY 11223

Tax Year 2015 Form 1099-C
Cancellation of Debt (Copy B)

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

**Creditor's Information**

Federal ID Number: 22-2382028
CHASE BANK USA, NA



**Form 1099-C Questions**
Phone Support: 866-578-2888

Original

## Summary of Form 1099-C Cancellation of Debt (OMB No. 1545-1424)

| Box | Description | Amount | Box | Description | Amount |
|---|---|---|---|---|---|
| 1 | Date of identifiable event | 01/30/2015 | 5. | If yes, the debtor was personally liable for repayment of the debt | Yes |
| 2. | Amount of debt discharged | $10,706.88 | 6. | Identifiable event code | G |
| 3. | Interest if included in box 2 | $0.00 | 7. | Fair market value of property | $0.00 |
| 4. | Debt description | (See Details) | | | |

## Details of Form 1099-C Cancellation of Debt (OMB No. 1545-1424)

| Account Number / Account Description | Box #1 Identifiable event date | Box #2 Amt of debt discharged | Box #3 Interest if included in Box 2 | Other Boxes | |
|---|---|---|---|---|---|
| 4266841334458013 WHEN AN UNPAID PRINCIPAL BALANCE OF $600 OR MORE IS CANCELLED, THE IRS REQUIRES IT MUST BE REPORTED ON FORM 1099C | 01/30/2015 | $10,706.88 | $0.00 | #4 Debt description | CREDIT CARD ACCOUNT |
| | | | | #5 If yes, the debtor was personally liable for repayment of the debt | Yes |
| | | | | #6 Identifiable event code | G |

**Instructions for Debtor**
You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.
**Debtor's identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the creditor has reported your complete identification number to the IRS.
**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.
**Box 1.** Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.
**Box 2.** Shows the amount of debt either actually or deemed discharged. Note. If you do not agree with the amount, contact your creditor.

**Box 3.** Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.
**Box 4.** Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.
**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.
**Box 6.** Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A—Bankruptcy; B—Other judicial debt relief; C—Statute of limitations or expiration of deficiency period; D—Foreclosure election; E—Debt relief from probate or similar proceeding; F—By agreement; G—Decision or policy to discontinue collection; H—Expiration of nonpayment testing period; or I—Other actual discharge before identifiable event.
**Box 7.** If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.
**Future developments.** For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to www.irs.gov/form1099c.

| B B | CHASE CARD 4266841334458013 | 01/16 | 03/08 05/14 | $22000 REV | $11926 - | $11926 | 93 | 1 | 1 | 4 | CHARGE OFF XP/TU |

Late Dates: 1/15-150+, 12/14-150+, 11/14-120, 10/14-90, 9/14-60, 8/14-30
ACCOUNT CLOSED AT CONSUMER'S REQUEST

| B B | CHASE CARD 4266841291847562 | 12/15 | 04/05 05/14 | $9100 REV | $9833 - | $9833 | 99 | 1 | 1 | 4 | CHARGE OFF XP/TU |

Late Dates: 12/14-150+, 11/14-150+, 10/14-120, 9/14-90, 8/14-60, 7/14-30
ACCOUNT CLOSED AT CONSUMER'S REQUEST



EXHIBIT C

# Law Office of Fedor Kozlov

## Attorney At Law



1990 E. Algonquin Rd, suite 230
Schaumburg, IL 60173
Phone: 847-241-1299
Fax: 847-241-1166

www.nslslaw.com

1000 Essington Road
Joliet, IL 60435
Phone: 708-350-4182
Fax: 847-241-1166

April 21, 2016

**VIA CERTIFIED MAIL**
Transunion Consumer Solutions
P.O. Box 2000
Chester, PA 19016

Experian
P.O. Box 4500
Allen, TX 75013

Chase Bank (USA), N.A.
PO Box 15077
Wilmington, DE 19886

      Re:                           Joel Quinones
      Original Creditor:      Chase Bank (USA), N.A.
      Account No.1:         Ending in 7562
      Account No.2:         Ending in 8013

Dear Sir and/or Madam,

       Please be advised that this office was retained to represent Joel Quinones with respect to his claims under the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.

       On December 31, 2015, Chase Bank (USA), N.A. ("Chase") issued a 1099-C discharging $8,723.34 on Mr. Quinones's Chase account ending in 7562. A copy of the 1099-C is attached herein for your review. On January 30, 2015, Chase issued a 1099-C discharging $10,706.88 on Mr. Quinones's Chase account ending in 8013. A copy of the 1099-C is attached herein for your review.

       However, months later, both of Mr. Quinones' Chase accounts are still being negatively reported. In particular, on a requested credit report dated April 15, 2016, the account ending in 7562 was reported with a status of "CHARGE OFF," a balance of $9,833, and a past due balance of $9,833. On the same credit report, the account ending in 8013 was reported with a status of "CHARGE OFF," a balance of $11,926, and a past due balance of $11,926. The relevant portions of Mr. Quinones' credit report are attached herein for your review. The trade lines for both accounts were inaccurately reported. As evidenced by the attached 1099-C for each account, both debts were discharged and have a balance of $0.

       Please take notice that this dispute is made pursuant to 15. U.S.C. § 1681i under the FCRA. Therefore, if this inaccuracy is not corrected within (30) days, we will pursue further legal process on behalf of our client.

Thank you for your prompt attention to this important matter.

                                                                Very truly yours,

                                                                 Fedor Kozlov, Esq.

FK:
Encl.





| FILE # | 2335235 | FNMA # | | DATE COMPLETED | 6/15/2016 | RQD' BY | |
|---|---|---|---|---|---|---|---|
| SEND TO | | | | DATE ORDERED | 6/15/2016 | | |
| | | | | REPOSITORIES | XP/TU | PRPD' BY | |
| | | | | PRICE | | LOAN TYPE | EXHIBIT E |
| | | | | REF. # | | | |
| PROPERTY ADDRESS | | | | | | | |
| | APPLICANT | | | | CO-APPLICANT | | |
| APPLICANT | QUINONES, JOEL | | | CO-APPLICANT | | | |
| SOC SEC # | | DOB | | SOC SEC # | | DOB | |
| MARITAL STATUS | | | | DEPENDENTS | | | |

### CREDIT

| ECOA | WHOSE | CREDITOR | DATE REPORTED | DATE OPENED / DLA | HIGH CREDIT OR LIMIT / ACCT TYPE | BALANCE / TERMS | PAST DUE | MO REV | 30 | 60 | 90+ | STATUS / SOURCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

### COLLECTION ACCOUNTS

| ECOA | WHOSE | CREDITOR | DATE REPORTED | DATE OPENED / DLA | HIGH CREDIT OR LIMIT / ACCT TYPE | BALANCE / TERMS | PAST DUE | MO REV | 30 | 60 | 90+ | STATUS / SOURCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B | B | CHASE CARD 4266841334458013 | 06/16 | 03/08 05/14 | $22000 REV | $11926 - | $11926 | 84 | 1 | 1 | 3 | CHARGE OFF XP/TU |
| | | Late Dates: 12/14-150+, 11/14-120, 10/14-90, 9/14-60, 8/14-30 ACCOUNT CLOSED AT CONSUMER'S REQUEST | | | | | | | | | | |
| B | B | CHASE CARD 4266841291847562 | 06/16 | 04/05 05/14 | $9100 REV | $9833 - | $9833 | 85 | 1 | 1 | 3 | CHARGE OFF XP/TU |
| | | Late Dates: 11/14-150+, 10/14-120, 9/14-90, 8/14-60, 7/14-30 ACCOUNT CLOSED AT CONSUMER'S REQUEST | | | | | | | | | | |

### OTHER CREDIT HISTORY
*** NONE ***

### PUBLIC RECORDS
*** NONE ***

### ALERT
1 - ADDRESS DISCREPANCY: THERE IS A DIFFERENCE BETWEEN THE ADDRESS SUBMITTED IN THE INQUIRY AND THE

ECOA KEY: B=BORROWER; C=CO-BORROWER; J=JOINT; U=UNDESIGNATED; A=AUTHORIZED USER; P=PARTICIPANT; S=CO-SIGNER

MCL CREDIT: 1124 BRISTOL ST, COSTA MESA, CA 92626 (P) 714-708-6950 (F) 714-708-6956

The information is furnished in response to an inquiry for the purpose of evaluating credit risks. It has been obtained from sources deemed reliable, the accuracy of which this organization does not guarantee. The inquirer has agreed to indemnify that reporting bureau for any damage arising from misuse of this information, and this report is furnished in reliance upon that indemnity. It must be held in strict confidence and complies with the provisions of Public Law 91-508, the Fair Credit Reporting Act. Reporting bureau certifies that all Residential Mortgage Credit Reports meet the standards prescribed by FNMA, FHMC, FHA, VA and the Farmers Home Administration.

## Account Details

| Field | Value |
|---|---|
| Last Reported | Jun 05, 2016 |
| Creditor Name | CHASE |
| Account Type | Credit Card |
| Account Status | Closed – Derogatory |
| Opened Date | Apr 20, 2005 |
| Closed Date | Jul 28, 2014 |
| Limit | $9,100 |
| Term | — |
| Monthly Payment | $0 |
| Responsibility | Individual |
| Balance | $9,833 |
| Highest Balance | $9,833 |
| Payment Status | Collection/Charge-Off |
| Worst Payment Status | Unknown |
| Date of Last Payment | May 02, 2014 |
| Amount Past Due | $9,833 |
| Times 30/60/90 Days Late | 0/0/0 |
| Remarks | Charged off as bad debt / Account closed by consumer |

## Payment History

Latest Status: Collection/Charge-Off

No payment history has been reported by this creditor.

Credit Utilization* 108.05%

### Creditor Contact Details

CHASE BANK USA NA
PO BOX 15298
WILMINGTON, DE
19850
(800) 432-3117

See an error? Report it to TransUnion with our Direct Dispute™ tool.

[Dispute an Error]

### Credit Karma Recommendations

🔍 Find a new card to replace your old card.

## Account Details

| Field | Value |
|---|---|
| Last Reported | Jun 06, 2016 |
| Creditor Name | CHASE |
| Account Type | Credit Card |
| Account Status | Closed - Derogatory |
| Opened Date | Mar 27, 2008 |
| Closed Date | Jul 28, 2014 |
| Limit | $22,000 |
| Term | — |
| Monthly Payment | $0 |
| Responsibility | Individual |
| Balance | $11,926 |
| Highest Balance | $11,961 |
| Payment Status | Collection/Charge-Off |
| Worst Payment Status | Unknown |
| Date of Last Payment | May 16, 2014 |
| Amount Past Due | $11,926 |
| Times 30/60/90 Days Late | 0/0/0 |
| Remarks | Charged off as bad debt; Account closed by consumer |

### Payment History

Latest Status: Collection/Charge-Off

No payment history has been reported by this creditor.

Credit Utilization*: 54.21%

### Creditor Contact Details

CHASE BANK USA NA
PO BOX 15298
WILMINGTON, DE 19850
(800) 432-3117

See an error? Report it to TransUnion with our Direct Dispute™ tool

[Dispute an Error]

### Credit Karma Recommendations

🔍 Find a new card to replace your old card.