# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JOEL QUINONES**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 7443 |
| | ) |
| **CHASE BANK, USA, N.A.**, **EXPERIAN INFORMATION SOLUTIONS, INC.**, and **TRANS UNION LLC**, | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Joel Quinones ("Quinones") has filed this action against Chase Bank, USA, N.A. ("Chase") and two of the three principal credit reporting agencies in this country -- Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union") -- for their asserted violations of the Fair Credit Reporting Act (the "Act"). This memorandum order is issued sua sponte to address some matters that appear problematic from the Complaint's allegations and attached exhibits.

Chase's involvement with Quinones (and vice versa) stemmed solely from two credit cards that Chase issued to him (Complaint ¶ 10). When Quinones turned out to be a bad risk (he was delinquent to the tune of more than $10,700 on one card and later to the tune of over $8,700 on the other card), Quinones cancelled each of the accounts voluntarily and Chase later issued the IRS' required Forms 1099-C that reflected the discharge of each outstanding indebtedness.

That entirely truthful handling by Chase did not of course constitute a violation of the Act. Instead Complaint ¶ 14 alleges "however, Plaintiff's Chase accounts continue to be

negatively reported," a charge that is based on what Experian and Trans Union did with the information accurately provided by Chase. Accordingly this memorandum order will turn to that handling, which is relevant to the posture of both Chase and the credit reporting agencies as targeted defendants.

In that respect Complaint Ex. C is a portion of a credit report assertedly requested by Quinones and dated April 15, 2016 (see Complaint ¶ 15) -- a snippet that does not identify which credit reporting agency was involved but contains information listed as "CHASE CARD" and states "CHARGE OFF" as to each of the two accounts. That uncertainty as to source is not cleared up by the April 16 letter from Quinones' present lawyer to each of the three defendants. Nor is that information provided by what is now Complaint Ex. E (which appears to be the entire credit report from which those two snippets were taken), for so much has been blacked out of that form that the Exhibit does not identify the issuing agency.

More importantly, although the charged-off amounts that Ex. E reports as to the two Chase cards are somewhat higher than the figures shown in the two Chase Forms 1099-C, the entire amount is accurately shown as a "CHARGE OFF" in each instance. It is true that the two columns that come before the "CHARGE OFF" confirmation are headed "BALANCE" and "PAST DUE," with identical figures in each of those two columns, but the only sensible reading of that report is that "PAST DUE" reflects the status of the account when it was charged off and is not an amount that is <u>still</u> past due -- if the latter were the case, what would the "CHARGE OFF" entry in the final column headed "STATUS" refer to?

Quinones and his counsel don't seem to comprehend that the function of a credit reporting agency is to report facts that bear on a person's credit. If, as they would have it, Quinones' credit report were simply to reflect that the credit card accounts had been closed at

Quinones' request, without showing that thousands of dollars were past due on each account when they were closed and that the past due amount has been charged off, that would have conveyed a totally misleading picture to anyone approached by Quinones to provide a line of credit.

Indeed, as to Chase, Quinones seeks to fault it under the Act for not having undertaken the task of changing the Experian and Trans Union format for reporting the type of information referred to in the Complaint and recounted here. Is it really Chase's responsibility to call for the credit reporting agencies (whom it does not control) to change their format for reporting truthful information as to a debtor such as Quinones? All of this may perhaps call for a different reaction under the relevant caselaw in cases arising under the Act, but this Court is sufficiently troubled by the presentation in the Quinones Complaint to require his counsel to provide citations to relevant caselaw promptly before this action may move forward.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 28, 2016