**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JOEL QUINONES**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 7443 |
| ) | |
| **CHASE BANK, USA, N.A.**, **EXPERIAN** ) | |
| **INFORMATION SOLUTIONS, INC.**, and ) | |
| **TRANS UNION LLC**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Two of the three defendants in this action brought by Joel Quinones ("Quinones") under

the purported auspices of the Fair Credit Reporting Act (the "Act") -- Chase Bank, USA, N.A.

("Chase") and Experian Information Solutions, Inc. ("Experian") -- have filed responsive

pleadings, in each instance comprising an Answer and Affirmative Defenses ("ADs") to

Quinones' Complaint.  This memorandum order is issued sua sponte because each defense

counsel has joined the unfortunately nonexclusive society of lawyers who fail to heed the clear

line of demarcation prescribed by Fed. R. Civ. P. ("Rule") 8(b):  on the one hand the mandate to

admit or deny if plaintiff 's allegations contained in Rule 8(b)(1)(B), and on the other hand the

disclaimer provided by Rule 8(b)(5) if an admission or denial is inappropriate.[1]

---

[1] That error on the part of Experian's counsel is particularly difficult to understand, for
this Court has spotted three instances (Answer ¶¶ 12, 13 and 17) where counsel has used the
Rule 8(b)(5) disclaimer in its proper form.  That said, it should be made clear at the outset that no
view is expressed here as to the truthfulness of any of the Rule 8(b)(5) disclaimers by  either
Chase or Experian -- if Quinones' counsel were to perceive any problem in that respect, it will be
left to him to raise that issue.

Neither defense counsel has been content to invoke Rule 8(b)(5) as to a host of Quinones' allegations (in Chase's case, in its Answer ¶¶ 2, 5-7, 9, 11, 14, 15, 17-19, 23-25, 27-29, 31, 35 and 36, and in Experian's case, in its Answer ¶¶ 1, 2, 4, 6, 9-11, 14-16, 18-22, 24 and 28-37) without an impermissible addition -- on Chase's part, "and therefore denies them" and on Experian's part, "on that basis Experian denies, generally and specifically, the allegations in paragraph -- of the Complaint." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Such denials are clearly at odds with the pleader's obligations under Rule 11(b).

Although this Court might well strike the two responsive pleadings in their entirety in order to impress on counsel the need for greater care in the future, it will not do so here because the error can be eliminated by simply striking the offending language from each Answer. This Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 18, 2016