# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOEL QUINONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16 C 7443 |
| CHASE BANK, USA, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On July 28, 2016 this Court issued a memorandum order ("Order") that began with this self-explanatory paragraph:

> Joel Quinones ("Quinones") has filed this action against Chase Bank, USA, N.A. ("Chase") and two of the three principal credit reporting agencies in this country -- Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union") -- for their asserted violations of the Fair Credit Reporting Act (the "Act"). This memorandum order is issued sua sponte to address some matters that appear problematic from the Complaint's allegations and attached exhibits.

After the Order identified the fundamental problem that this Court perceived with Quinones' attempted invocation of the Act, it concluded by directing him to provide citations that would support the claim advanced in the Complaint.

On August 3 Quinones' counsel filed what he has labeled "Memorandum of Law in Response To the Court's Sua Sponte Order," but regrettably that memorandum (cited "Mem.") really does not address the thrust of the Order. Instead it discusses the Internal Revenue Service ("IRS") Form 1099-C and the differing treatment that various courts have given to the effect of

that form.  As Quinones' Mem. 2-3 reflects, those differences in treatment stem from differences of view as to whether the cancellation-of-indebtedness income referred to in Form 1099-C is included within a debtor's gross income.

But it must be remembered, as Mem. 3 reflects by its reference to "any potential lender," that the function of a credit reporting agency[1] (as the name clearly connotes) is to identify, for any party that contemplates a possible loan or extension of credit to some applicant for such financial benefits, whether any facts in the applicant's past history indicate whether the applicant may be perceived as a good risk or a bad one.  And to that end, of course, the applicant's prior history provides the best available information for the prospective lender or provider of credit.

In that respect it must be understood as well, as Quinones and his counsel do not appear to understand (or are unwilling to acknowledge), that the audience to which a credit reporting agency conveys that information is not, for example, the type of unsophisticated consumer sought to be protected by a quite different statute such as the Fair Debt Collection Practices Act.  In that regard the Order expressly pointed out, but Quinones' counsel has chosen to ignore, that the tabular presentation of Quinones' two credit cards formerly issued by Chase Bank, USA, N.A. ("Chase")[2] -- Complaint Ex. E -- specifically states "ACCOUNT CLOSED AT CONSUMER'S REQUEST" and specifically shows the "STATUS" of each account as "CHARGE OFF."  Any member of the intended audience for the credit report (such as the "potential lender" referred to at Mem. 3) would surely recognize that the earlier "PAST DUE" column in that tabular presentation, showing the figures of nearly $12,000 and nearly $10,000 on

---

[1] Two of the three named defendants in Quinones' action are such credit reporting agencies -- Experian Information Solutions, Inc. and Trans Union LLC.

[2] Chase is the third defendant targeted by Quinones in his current action.

the two accounts, refers to the situation at the earlier date when the "ACCOUNT CLOSED AT CONSUMER'S REQUEST" and was then made a "CHARGE OFF."

That information would clearly be of obvious import to any prospective lender or extender of credit. If, as Quinones and his counsel would appear to have it, that information were not to be included as to an applicant, so that credit was extended by the prospective lender or extender of credit in reliance on an apparently uneventful past history on the applicant's part, that new provider of cash or credit would have an entirely legitimate claim against the credit reporting agency if the new provider were later stiffed by the applicant.

Lastly, as for what Quinones' Mem. 4 characterizes as "Defendants' failures to comply with other statutory provisions of the FCRA [the Act]" (what Mem. 1 calls "other technical violations" of the Act), those assertions appear vulnerable under the Supreme Court's recent and highly publicized ruling in the Spokeo case and under Chase's AD 1, which asserts the absence of an Article III case or controversy. So that potential claim would fail as well.

In sum, Quinones' purported claim does not yet appear to have surmounted the hurdle first posed by the Order and reconfirmed by this memorandum order. This action is accordingly set for a status hearing at 8:45 a.m. August 30, 2016 to discuss the future (if any) of this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 18, 2016